# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ADAM C. FILES and ANGELA FILES,<br><br>  Plaintiffs,<br><br>vs.<br><br>FIRST BANK & TRUST, d/b/a Mercury Mastercard, and EQUIFAX INFORMATION SERVICES, LLC,<br><br>  Defendants. | CIVIL ACTION NO.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs, Adam C. Files and Angela Files (hereinafter "Plaintiffs"), by and through their attorneys, the Law Offices of Robert S. Gitmeid & Associates, PLLC, by way of Complaint against Defendants, First Bank & Trust d/b/a Mercury MasterCard ("First Bank & Trust") and Equifax Information Services, LLC ("Equifax"), alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681,

1

et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies.

## PARTIES

2. Plaintiffs, Adam C. Files and Angela Files, are adult citizens of the state of Missouri.

3. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant First Bank & Trust does business throughout the country and in the State of Georgia. First Bank & Trust is a "furnisher" of consumer credit information as that term is used in Section 1681s-2 of the FCRA.

5. Defendant Equifax is a limited liability company, doing business throughout the country and in the state of Georgia. Equifax is a "consumer reporting agency" as defined in Section 1681a(f) of the FCRA. Equifax is one of the largest CRAs in the world.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be

brought in any appropriate United States District Court, without regard to the amount in controversy.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b)(2) because all defendants are residents of the State of Georgia and because defendant Equifax holds a principal office in this district.

## FACTUAL ALLEGATIONS

8. Defendant First Bank & Trust issued an account ending in 3185 to Plaintiffs; the account was routinely reported on Plaintiffs' consumer credit report.

9. The consumer report at issue is a written communication of information concerning Plaintiffs' credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which serves as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

10. On or about May 21, 2019, Plaintiffs and First Bank & Trust entered into a settlement agreement for the above referenced account. A copy of the settlement agreement is attached hereto as **Exhibit A.**

11. Pursuant to the terms of the settlement, Plaintiffs was required to make a lump sum payment totaling $2,828.98 to settle and close their First Bank & Trust account.

12. Plaintiffs, via their debt settlement representative, timely made the requisite settlement payment.

13. However, over half a year later, Plaintiffs' First Bank & Trust account continued to be negatively reported.

14. In particular, on a requested credit report dated January 30, 2020, Plaintiffs' First Bank & Trust account was reported with a status of "CHARGE OFF", a balance of $4,243.00 and a past due balance of $4,243.00. The relevant portion of Plaintiffs' credit report is attached herein as **Exhibit B.**

15. This trade line was inaccurately reported. As evidenced by the enclosed documents, the account was settled for less the than full balance and must be reported as settled with a balance of $0.00.

16. On or about January 31, 2020, Plaintiffs, via her attorney, notified Defendants of a dispute with completeness and accuracy of the reporting of Plaintiffs' First Bank & Trust account. A redacted copy of this letter and the certified mail receipts are attached hereto as **Exhibit C.**

17. Therefore, Plaintiffs disputed the accuracy of the derogatory information reported by First Bank & Trust to the Consumer Reporting Agencies via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

18. In March of 2020, Plaintiffs requested an updated credit report for review. The tradeline for Plaintiffs' First Bank & Trust account remained inaccurate, as Defendants failed to correct the inaccuracy. The relevant portions of the March 2020 credit report is attached hereto as **Exhibit D.**

19. Equifax did not notify First Bank & Trust of the dispute by Plaintiffs in accordance with the FCRA—or alternatively, did notify First Bank & Trust, which then failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiffs' credit reports.

20. If First Bank & Trust had performed a reasonable investigation of Plaintiffs' dispute, Plaintiffs' First Bank & Trust account would be updated to reflect a "settled" status with a balance of $0.00.

21. Despite the fact that First Bank & Trust has promised through its subscriber agreements or contracts to accurately update accounts, First Bank & Trust has nonetheless willfully, maliciously, recklessly, wantonly, or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiffs' credit reports.

22. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit information and Plaintiffs' credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with Equifax.

23. At all times pertinent hereto, Defendants were acting by and through their agents, servants or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

24. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiffs herein.

## CLAIM FOR RELIEF

25. Plaintiffs reassert and incorporate herein by reference all facts and allegations set forth above.

26. Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

27. First Bank & Trust is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its

transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

28. First Bank & Trust reported and is continuing to report inaccurate credit information concerning Plaintiffs to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

29. Plaintiffs notified Defendants of a dispute on the account's completeness and accuracy, as reported.

30. First Bank & Trust failed to complete an investigation of Plaintiffs' written dispute and provide the results of an investigation to Plaintiffs and the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

31. First Bank & Trust failed to promptly modify the inaccurate information on Plaintiffs' credit report in violation of 15 U.S.C. § 1681s-2(b).

32. Equifax either failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiffs' disputes.

33. Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

34. As a result of the above violations of the FCRA, Plaintiffs suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable, and other damages that may be ascertained at a later date.

35. As a result of the above violations of the FCRA, Defendants are liable to Plaintiffs for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiffs demand that judgment be entered against Defendants as follows:

(a) That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

(b) That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

(c) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

(d) That the Court grant such other and further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demands trial by jury in this action of all issues so triable.

        Respectfully Submitted,

        **Law Offices of Robert S. Gitmeid & Associates, PLLC**

        */s/ William Thomas Hoover*
        William Thomas Hoover
        GA Bar No. 819305
        william.h@gitmeidlaw.com
        30 Wall Street, 8th Floor #741
        New York, NY 10005
        Tel: (866) 249-1137
        Fax: (877) 366-4747
        *Counsel for Plaintiffs*